**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **CHRISTINA MELLETT**, | : | |
| | : | Case No.   20-cv-1629-JMY |
| *Plaintiff* | : | |
| | : | |
| v. | : | |
| | : | |
| **CITY OF PHILADELPHIA,** | : | |
| | : | |
| *Defendant* | : | |

**MEMORANDUM**

**YOUNGE, J.**                                        **JULY 1, 2022**

      Plaintiff, Christina Mellett, a fourteen (14) year police veteran brought this lawsuit against her employer, the Philadelphia Police Department ("PPD" or "Defendant"), alleging gender-based disparate treatment and retaliation in violation of Title VII under the Civil Rights Act,  the Pennsylvania Human Relations Act ("PHRA") and the Philadelphia Fair Practices Ordinance ("PFPO") along with a *Monell* claim alleging a violation of the Fourteenth Amendment's Equal Protection Clause under 42 U.S.C § 1983.  (ECF No. 1.)  Plaintiff claims that in response to reporting her superior, a male Lieutenant police officer, for sexual harassment and gender discrimination, Defendant retaliated against Plaintiff by instituting a disciplinary action claiming that she failed to report to the proper office the very sexually inappropriate conduct she had complained of on multiple occasions.  In addition, Plaintiff alleges that Defendant retaliated against her by using this same disciplinary proceeding as a pretext to pass

over her for a promotion and demote her.  Now before this Court is Defendant's Motion for

Summary Judgement, along with Plaintiff's Motion for Partial Summary Judgment. This matter

is briefed and appropriate for disposition without oral argument.  *See* Fed. R. Civ. P. 78; L.R.

7.1(f).  The Court finds that there are genuine issues of material fact for the jury to decide and

therefore, denies Plaintiff's Motion for Summary Judgment.  The Court also finds that there are

genuine issues of material fact as to Plaintiff's claims for gender-based disparate treatment and

retaliation, and therefore denies Defendant's Motion as to these claims. However, the Court

grants Defendant's Motion as to Plaintiff's *Monell* claim for the reasons discussed below.

## I.      BACKGROUND

Plaintiff is a police officer for the Philadelphia Police Department. (ECF No. 16 at 1.)  She

began working for Defendant in 2007, was promoted to administrative Sergeant in 2014 and

remained in that role until she subsequently became Line Squad Sergeant sometime after 2018

which she claims amounted to a demotion. (ECF No. 14-2 at 1.)[1]  Prior to her alleged demotion,

Plaintiff claims that her superior, Lieutenant Richard Frank, made numerous inappropriate and

sexually harassing comments and gestures towards other female co-workers, including but not

limited to adjusting his genitals in front of female officers, calling a female officer a "dyke,"

bragging that another female officer gave him a "hand job," and complaining that he had asked

for sexual favors from a female officer but she refused to give him a "blow job." (ECF No. 19-4

at 4-8.)

---

[1] Defendant contends that Plaintiff was not demoted when her role was changed to "Line Squad" Sergeant from "administrative" Sergeant, because "administrative" Sergeant is not a separate position, but an "assignment" that may be altered as needed which occurred when Captain Nicholas Smith assumed command of the 14th Police District. (ECF No. 15 at 14.)

Plaintiff first reported that Lieutenant Frank was adjusting himself in front of female officers to Captain John Hearn in March of 2017, to which Captain Hearn allegedly responded by laughing.  (*Id.* at 5.)  Nonetheless, Plaintiff continued to report Lieutenant Frank's conduct to Captain Hearn over the course of several months, as she learned of more instances of inappropriate conduct. (*Id.*)  Eventually, Captain Hearn informed Lieutenant Frank that his behavior would not be tolerated, but no further action was taken at that time.  (*Id.*)  After Captain Hearn talked to Lieutenant Frank about his sexually inappropriate conduct, Plaintiff testified that Lieutenant Frank kicked in her door, screamed at her, told Plaintiff to remove her belongings and that she could not keep an office while he was present.  (*Id.* at 5-6.)  Captain Hearn then held a meeting with Lieutenant Frank and Plaintiff in which he asked them to "call a truce" while also informing Plaintiff that Lieutenant Frank was her superior, and therefore, everything she did must be reported to and go through him.  (ECF No. 19-4 at 6-7.)

Following this meeting, on July 21, 2017, Plaintiff filed a formal complaint with the Office of Professional Responsibility regarding Lieutenant Frank's conduct.  (*Id.* at 9.)  But in an odd turn of events, Defendant's investigation focused not just on Lieutenant Frank's conduct, but also the actual complainant, Plaintiff.  Despite Plaintiff informing Captain Hearn of Lieutenant Frank's conduct on multiple occasions and notifying the Office of Professional Responsibility, ultimately Defendant charged Plaintiff with "Neglect of Duty" for allegedly failing to report and investigate Lieutenant Frank's misconduct. (ECF No. 16 at 6.)  Plaintiff's complaint to the Office of Professional Responsibility included allegations of Lieutenant Frank's sexual harassment. Nevertheless, Defendant tries to reframe the charges against Plaintiff not as a failure to timely report but rather a failure to report Lieutenant Frank's conduct generally. According to the Defendant, because Plaintiff reported Lieutenant Frank's sexual harassment in the context of

"retaliation" against her, she did not report Lieutenant Frank's sexual harassment of co-workers at all. Plaintiff claims that this charge and disciplinary hearing were retaliation for Plaintiff reporting Lieutenant Frank's sexual harassment.  After eight (8) months of waiting for a disciplinary hearing, Plaintiff was found not guilty of this charge.  (ECF No. 14.)

Plaintiff, however, claims that this disciplinary hearing continued to impact her career and that Defendant continued to retaliate against her. In particular, in November of 2018, Plaintiff became eligible for a promotion to Lieutenant.  (*Id.*)  The highest-ranking member of the three-member panel that reviewed her candidacy for Lieutenant included Inspector Kevin Hall, the very officer who had investigated Plaintiff's complaint against Lieutenant Frank and approved a finding that flipped the investigation against Plaintiff by charging her with Neglect of Duty.  (ECF No. 19 at 14-15.)  Of the forty (40) candidates who were eligible for a promotion to Lieutenant at the same time as Plaintiff, only Plaintiff was found by the panel to not be "acceptable for promotion" despite what she alleges is her excellent record of service and qualifications. (*Id.* at 15; ECF No. 19-4 at 1-3.)

Not only did Plaintiff not receive the promotion, but according to Plaintiff she was demoted from an "administrative" Sergeant to another Sergeant role with less prestige and responsibilities, a Line Squad Sergeant. (ECF No. 19 at 15.)  Defendant disputes Plaintiff's recitation of the facts, arguing that prior disciplinary charges against her rendered her ineligible for a promotion, and that Plaintiff was not demoted, but rather shifted into a different Sergeant role when there was a change in Captains.  On March 26, 2020, Plaintiff filed the present lawsuit against the Defendant.

## II.    LEGAL STANDARD

Under Federal Rule of Civil Procedure 56(a), a party is entitled to summary judgment where the movant shows that there is "no genuine dispute as to any material fact".  Fed. R. Civ. P. 56(c).  "Facts that could alter the outcome are 'material,' and disputes are 'genuine' if evidence exists from which a rational person could conclude that the position of the person with the burden of proof on the disputed issue is correct."  *Ideal Dairy Farms, Inc. v. John Labatt*, Ltd., 90 F.3d 737, 743 (3d Cir. 1996).  The movant bears the initial responsibility for informing the court of the basis for its motion and identifying those portions of the record which it believes demonstrate the absence of a genuine issue of material fact.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Conoshenti v. Pub. Serv. Elec. & Gas Co.*, 264 F.3d 135, 145 (3d Cir. 2004).  An issue is "genuine" if there is a sufficient evidentiary basis on which a reasonable jury could return a verdict for the non-moving party.  *Kaucher v. Cty. of Bucks*, 455 F.3d 418, 423 (3d Cir. 2006) (citing *Anderson*, 477 U.S. at 248).  A factual dispute is "material" if it might well affect the outcome of the case under governing law.  *Id.* (citing *Anderson*, 477 U.S. at 248).
A court must view the facts and draw all reasonable inferences in the non-moving party's favor. *See In re Flat Glass Antitrust Litig.*, 285 F.3d 350, 357 (3d Cir. 2004); *see also Curley v. Klem*, 298 F.3d 271, 276-77 (3d Cir. 2002) ("In evaluating the evidence, we are required to view the inferences to be drawn from the underlying facts in the light most favorable to the party opposing the motion.").  Nonetheless, a court need not credit "[u]nsupported assertions, conclusory allegations, or mere suspicions."  *Betts v. New Castle Youth Dev. Ctr.*, 621 F.3d 249, 252 (3d Cir. 2010).

For claims or defenses where the movant bears the burden of proof at trial, a movant "must show that it has produced enough evidence to support the findings of fact necessary to win."  *El*

*v. Se. Pa. Transp. Auth.*, 479 F.3d 232, 237 (3d Cir. 2007).  For claims or defenses that the non-movant bears the burden of proof at trial, a movant can simply point out "that there is an absence of evidence to support the nonmoving party's case."  *Celotex*, 477 U.S. at 325.  Once the movant has met its burden of proof, the opposing party "must point to actual evidence in the record on which a jury could decide an issue of fact its way."  *El*, 479 F.3d at 238.  In order to survive summary judgment, the party opposing summary judgment must raise "more than a mere scintilla of evidence in its favor."  *Williams v. Borough of W. Chester*, 891 F.2d 458, 460 (3d Cir. 1989).  The party opposing summary judgment must cite specific evidence in the record and may not "rest solely on assertions made in the pleadings, legal memoranda, or oral argument." *Berckeley Inv. Group, Ltd. v. Colkitt*, 455 F.3d 195, 201 (3d Cir. 2006) (describing this phase of summary judgment as "put up or shut up time for the non-moving party").  Reliance upon "conclusory, self-serving affidavits [is] insufficient to withstand a motion for summary judgment."  *Kirleis v. Dickie, McCamey & Chilcote, P.C.*, 560 F.3d 156, 161 (3d Cir. 2009); *see also Betts v. New Castle Dev. Ctr.,* 621 F.3d 249, 252 (2010).  In deciding a motion for summary judgment, the court is limited to determining if there is a genuine issue as to a material fact requiring resolution by the finder of fact at trial and does not weigh evidence or determine the truth of the matter. *See Jiminez v. All American Rathskeller, Inc.*, 503 F.3d 247, 253 (3d Cir. 2007).

## III.   DISCUSSION

### A.   Retaliation Claims under Title VII, PHRA and PFPO

Plaintiff claims Defendant retaliated against her for reporting Lieutenant Frank's sexual harassment of female co-workers.  To state a prima facie case of retaliation under Title VII, the

6

PHRA, or the PFPO,[2] a plaintiff must establish: "(1) he engaged in protected activity; (2) the employer engaged in conduct constituting an adverse action either contemporaneous with or after the protected activity; and (3) a causal connection between the protected activity and the adverse action." *Jones v. SEPTA*, 796 F.3d 323, 330 (3d Cir. 2015).   An "adverse action" is conduct that an objectively reasonable employee would find materially adverse, in that the employer's actions could dissuade an objectively reasonable worker from making or supporting a charge of discrimination.  *Ponton v. AFSCME*, 395 Fed. Appx. 867, 874 (3d Cir. 2010).  To show causation, a  party may rely on a "broad array of evidence."  *Farrell v. Planters Lifesavers Co.*, 206 F.3d 271, 279 (3d Cir. 2000). Plaintiff need not prove the merits of an underlying discrimination claim in order to seek redress for retaliation; rather a plaintiff, must simply "act under a good, reasonable belief that a violation existed."  *Aman v. Cort Furniture Rental Corp.*, 85 F.3d 1074, 1085 (3d Cir.1996).

Defendant does not dispute that plaintiff has satisfied element one, in that she engaged in a protected activity by reporting Lieutenant Frank's sexual harassment. In Defendant's Motion for Summary Judgment, they acknowledge that four of Plaintiff's allegations could constitute "adverse employment actions" including: (1) charging Plaintiff with a violation of the PPD's disciplinary code for allegedly failing to report sexually harassing conduct; (2) being passed over for a promotion; (3) being reassigned to a line squad when a new Captain assumed command of

---

[2] Plaintiff brings gender discrimination and retaliation claims against Defendant under Title VII, the PHRA, and the PFPO.  Because courts generally apply the same legal framework to claims for gender discrimination and retaliation under Title VII, PHRA, and the PFPO, the claims will be analyzed together.  *See Weston v. Pennsylvania*, 251 F.3d 420, 426 (3d Cir. 2001) (Title VII and PHRA claims are analyzed identically); *Darby v. Temple Univ*., 216 F. Supp. 3d 535, 543 (E.D. Pa. 2016) ("PFPO claims are generally evaluated under the same legal framework as Title VII claims").

Plaintiff's Police District; and (4) being ordered to supervise Plaintiff's subordinates to keep them from endangering themselves. (ECF No. 16 at 6.) Nonetheless, Defendant argues that Plaintiff's claim for retaliation fails as a matter of law because she cannot satisfy the causation element. Specifically, Defendant argues that Plaintiff cannot establish a prima facie case of retaliation because "no materially adverse action occurred within close temporal proximity to Plaintiff's engagement in protected activity." (*Id.*)

The Court is not convinced by Defendant's argument that there is insufficient evidence of causation because of a lack of temporal proximity. Defendant took approximately one year to investigate Plaintiff's complaints regarding sex discrimination and retaliation, and after taking this extended time to investigate, issued disciplinary charges against Plaintiff for her own complaint regarding Lieutenant Frank. Even though Defendant caused the almost one-year delay, they now argue that Plaintiff cannot demonstrate a causal connection between her engaging in a protected activity and any materially adverse actions they took because too much time passed between these events. The Court is hard pressed to see how causation could be destroyed by Defendant's own delay, otherwise it would improperly incentivize an employer to delay investigating a plaintiff's claims in order to escape liability.

Putting aside Defendant's contribution to the passage of time, Plaintiff offers sufficient evidence from which a jury could find that the causation element is satisfied. The Third Circuit has cautioned district courts against taking "too restrictive a view of the type of evidence that can be considered probative of the causal link." *Id.* at 281. "[I]t is causation, not temporal proximity or evidence of antagonism, that is the final element of plaintiff's *prima facie* case." *Id.* (quoting *Kachmar v. Sungard Data Sys.*, 109 F.3d 173, 178 (3d Cir. 1997). As such, the causation inquiry instructs courts to ask whether the proffered evidence, *taken as a whole*, can support the

inference of retaliatory animus.  *Woodson v. Scott Paper Co.*, 109 F.3d 913, 921 (3d Cir. 1997);

*see, e.g., Kumar v. Johnson & Johnson, Inc.*, No. 12-779, 2014 U.S. Dist. LEXIS 154650 (D.N.J.

Oct. 31, 2014) (denying the defendants' summary judgment motion for summary judgment with

respect to certain of the plaintiff's retaliation claims where, *inter alia*, over the course of several

months after her return from FMLA leave, the defendants started taking job responsibilities away

from him).  Causation may be shown by "proffering evidence of an employer's inconsistent

explanation for taking an adverse employment action, a pattern of antagonism, or temporal

proximity 'unusually suggestive of retaliatory motive.'"  *Hukman v. Am. Airlines, Inc.*, 796 F.

App'x 135, 142-43 (3d Cir. 2019).  Where "'the temporal proximity is not so close as to be

unduly suggestive,' [courts] have recognized that 'timing plus other evidence may be an

appropriate test.'"  *Thomas v. Town of Hammonton*, 351 F.3d 108, 114 (3d Cir. 2003).

Plaintiff has brought forth evidence that Defendant's alleged retaliatory conduct occurred

within days of her complaining about Lieutenant Frank's conduct and that she was subjected to a

pattern of antagonism.  For instance, Plaintiff alleges that she reported to Captain Hearn that

Lieutenant Frank called a female officer a "dyke" and complained that a female officer refused

to give him "a blow job, not even a handy."  (ECF No. 19 at 47.)  Lieutenant Frank and Captain

Hearn subsequently spoke, and **within days,** Lieutenant Frank, Plaintiff's superior, kicked in

Plaintiff's office door, screamed at her, and informed her that she could not keep an office while

he was present. (ECF No. 19-4 at 5-6.)  Lieutenant Frank allegedly yelled at Plaintiff on more

than one occasion after Plaintiff reported his conduct.  (*Id.*)  When Captain Hearn held a meeting

between the two to get them to call a "truce," he allegedly told Plaintiff that everything she did

must go through Lieutenant Frank, without taking further action or reporting Lieutenant Frank.

(*Id.*)  It was after this meeting that Plaintiff filed a complaint with the Office of Professional

Responsibility and the investigation was flipped on her.  According to Defendant, because Plaintiff reported Lieutenant Frank's conduct in the context of a retaliation claim, she illogically did not report his conduct at all and therefore, warranted disciplinary charges.  Plaintiff alleges that the purpose of these charges, which she was acquitted of, were retaliatory as they were meant to discourage female officers, like herself, from reporting a male officer's sexual harassment of female employees.  She also alleges that she was subsequently demoted as a result of reporting Lieutenant Frank's conduct, though Defendant's argue that her change in Sergeant roles did not amount to a demotion. A reasonable jury could certainly infer a causal connection between Plaintiff's protected activity and Defendant's subsequent adverse actions based on Defendant's expressed hostility towards Plaintiff after she engaged in a protected activity. Viewing these facts most favorable to Plaintiff, we find that there is more than sufficient evidence to make a prima facie case of retaliation, and that there are genuine issues of material fact that may not be appropriately decided on a motion for summary judgment.

## B.  Gender Discrimination Claims under Title VII, PHRA and PFPO

Plaintiff claims that Defendant discriminated against her when they refused to promote her on the basis of her gender, using as pretext, concocted disciplinary charges that recast her sexual harassment and retaliation complaint against Lieutenant Frank as her own alleged "Neglect of Duty."[3] To establish a prima facie case of gender discrimination under Title VII, the

---

[3] Though Plaintiff's Complaint does not assert a separate count for retaliatory hostile work environment, Plaintiff  did proceed with a claim based on this theory which the Defendant neglected to challenge in their Motion for Summary Judgment (*See* ECF No. 1 at 4, 10, 11, 20, 22, 26).  The Third Circuit has recognized retaliatory hostile work environment claims where an employee is subjected to a hostile work environment in retaliation for having engaged in protected activity. *Smith v. RB Distrib., Inc.,* 498 F. Supp. 3d 645, 661 (E.D. Pa. 2020) (citing *Jensen v. Potter*, 435 F.3d 444, 448-50 (3d Cir. 2006)). [I]n order to demonstrate a retaliatory hostile work environment, a plaintiff must prove that: (1) he or she suffered intentional discrimination because of his or her protected activity; (2) the discrimination was severe or pervasive; (3) the discrimination detrimentally affected him or her; (4) it would have detrimentally affected a reasonable person in like circumstances; and (5) a basis for employer liability is

PHRA, or the PFPO  a plaintiff must first establish that: (1) she is a member of a protected class; (2) she was qualified for the position in question; (3) she suffered an adverse employment action that gives rise to an inference of unlawful discrimination.  *Jones v. Sch. Dist. of Phila.*, 198 F.3d 403, 410-11  (3d Cir. 1999).

According to Plaintiff, Defendant concocted trumped-up charges to discriminate against her, a female officer, and make her appear ineligible for a promotion. Plaintiff claims that the inconsistent disciplinary charges brought against Plaintiff and other male officers show Defendant's ulterior motive.  (ECF No. 19 at 24.)   Plaintiff alleges the inconsistent disciplinary charges included charging her for reporting Lieutenant Frank's conduct to Caption Hearn while at the same time disciplining male officer's for failing to report the very same conduct to the Captain. (*Id.*)  Plaintiff also alleges that while she was disciplined for allegedly failing to report another male officer's sexual harassment, certain male officers were not disciplined for their own alleged sexual harassment, such as referring to a female officer as looking like a stripper. (ECF No. 19 at 26.)  Plaintiff notes that the promotional panel is all-male. (ECF No. 19 at 27.) Defendant, in contrast, argues that Plaintiff's gender discrimination claim fails because there is no direct evidence of discrimination, and that Plaintiff has failed to show that similarly situated comparators were treated better.  According to Defendant, Plaintiff was not "demoted" because the position she alleges she previously held is "non-existent."  (ECF No. 15 at 7.)  Defendant also argues that all the male officers were disciplined the same as Plaintiff.  While Plaintiff can point to officers promoted despite prior, serious disciplinary charges, because she has not shown

---

present. *Yarnall v. Phila. Sch. Dist.*, 57 F. Supp. 3d 410, 436 (E.D. Pa. 2014) (citing Jensen, 435 F.3d at 449). "[A] retaliatory hostile work environment mirrors the general hostile work environment test, except that the discrimination must be because of a protected activity, rather than a plaintiff's protected class." *Id.* Because Defendant does not challenge this basis for liability, summary judgment will be denied on this ground.

any colleagues with the exact same charges as her who was promoted, Defendant argues her claim fails as a matter of law.   (*Id.*)

Defendant takes an unduly narrow interpretation of gender-based discrimination which is not supported in law and in fact.  Contrary to Defendant's position, there is no requirement that a plaintiff must identify similarly situated comparators who were treated differently in exactly the same manner in order to meet the fourth element of her prima facie case. Comparator evidence is one way to show circumstantial evidence of discrimination, but the Third Circuit has "explicitly rejected" that comparator evidence is required. *Bullock v. Children's Hosp.*, 71 F. Supp. 2d 482, 487-88 (E.D. Pa. 1999) (collecting cases and noting that he nexus required to invoke the presumption that a plaintiff was discriminated against is that the plaintiff was subjected to less favorable treatment, not simply that someone else in her class was treated less favorably).  The larger issue is whether the plaintiff can "point to evidence with sufficient probative force that a factfinder could conclude by a preponderance of the evidence that [discrimination] was a motivating or determinative factor in the employment decision." *Simpson v. Kay Jewelers*, 142 F.3d 639, 644-45 (3d Cir. 1998).

Both the Defendant and Plaintiff offer differing accounts of the evidence as to whether Plaintiff was "demoted" or disciplined with trumped-up charges as a result of her gender to keep her from advancing.  Plaintiff claims Defendant decided to punish her, an innocent female victim who reported sexual harassment.  The evidence Plaintiff submits is that Defendant made Plaintiff ineligible for a promotion on the basis of her gender by recasting her complaint against herself. If true, that would be a nefarious use of the system.  The Court finds that this evidence is more than sufficient to survive a motion for summary judgment.  *See, e.g. Gibbs v. Brennan*, 2021 U.S. Dist. LEXIS 156129,  No. 18-14410 at * 66 (D.N.J. Aug. 18, 2021) (finding sufficient

12

issues of fact to deny summary judgment despite lack of comparator evidence, when the claim is the defendants punished the plaintiff for her sexual harassment claim, treating the victim differently than the perpetrator).  The question of whether Defendant sexually discriminated against Plaintiff, therefore, is one of genuine material fact for the jury to decide.

### C. *McDonnell-Douglas* Burden Shifting

Even if Plaintiff is able to establish a prima facie case of retaliation and gender-based disparate treatment, according to Defendant, Plaintiff's claims fail, because Defendant has articulated a legitimate, non-discriminatory reason for the alleged adverse employment decisions – Plaintiff's prior disciplinary history.  The Court finds that there are sufficient issues of material fact in dispute for a jury to decide as to whether the Defendant's explanation could be pretext for discrimination and retaliation.

Claims of gender discrimination and retaliation are analyzed under the burden shifting framework established by *McDonnell-Douglas v. Green*, 411 U.S. 792, 802 (U.S. 1973). Under this framework, once the Plaintiff establishes a prima facie case of discrimination and retaliation, the burden then shifts to the defendant to "articular some nondiscriminatory reason for the employee's rejection."  *Id.* at 803.  Should the defendant carry this burden, the plaintiff must have an opportunity to prove by a preponderance of the evidence that the legitimate reasons offered by the defendant were not the true reasons, but a pretext for discrimination.  *Tex. Dep't of Cmty. Affairs v. Burdine*, 450 U. S. 248, 252-253 (U.S. 1981).  A plaintiff will defeat a motion for summary judgment if he or she can point to evidence from which the factfinder could reasonably either: (1) not believe the employer's stated reasons; or (2) believe that invidious retaliation and discrimination was more likely the employer's motivation.  *Jones v. Sch. Dist. of Phila.*, 198 F.3d 403, 410 (3d Cir. 1999)).

Defendant argues that Plaintiff's prior disciplinary history made her ineligible for the promotion, and therefore, they have articulated a legitimate, non-retaliatory and non-discriminatory reason for passing over her for a promotion. (ECF No. 16.)  The prior disciplinary history Defendant cites includes Plaintiff being reprimanded for an automobile accident with a Police vehicle in 2009 and for failing to comply with departmental directives detailing the equipment officers must carry while on duty in 2011. (ECF No. 16 at 1-2.)  In 2012, she received a two-day suspension for causing a car accident while off duty and allegedly fleeing the scene of the accident. (*Id.*; ECF No. 19-3 at 3.)  All of these events, however, occurred prior to Plaintiff's promotion as a Sergeant.   In June of 2018,  Plaintiff was also accused of overreporting the time she worked, though the parties appear to hotly contest the circumstances surrounding these events.  (ECF No. 16 at 3-4.)

Plaintiff argues that the reasons Defendant proffers for not promoting her is all a pretext and that the real reason that she was not promoted stems from her reporting Lieutenant Frank's sexual harassment. Inspector Hall testified that the promotional panel made a decision to recommend against Plaintiff's promotion based, in part, on her complaints that Lieutenant Frank sexually harassed female officers, and the Defendant adopted the panel's recommendations. (ECF No. 19 at 15.)  Plaintiff was subsequently removed from her role as administrative Sergeant, though the parties dispute whether this was a "demotion."  Plaintiff notes that other male officers with serious disciplinary charges, including for domestic abuse and driving while under the influence, received promotions, while Plaintiff did not.  According to Plaintiff, this indicates that the Defendant's reason to not promote Plaintiff was all a pretext.  Plaintiff also points to the lack of documents giving a reason for why she was not promoted which she claims amounts to evidence of pretext. *See Johnson v. Verizon Servs. Corp.*, No. 16-1023, 2017 U.S.

14

Dist. LEXIS 59472 (E.D. Pa. Apr. 18, 2017) (finding that there was a genuine dispute of material fact as to pretext and denying summary judgment where there was a "lack of documentation concerning [the plaintiff's] termination…" and where the Court "only has before it dueling narratives provided…as to the motivation for [the plaintiff]'s termination"); *Eno v. Lumberman's Merchandising Corp.*, No.  10-7514, 2012 U.S. Dist. LEXIS 54319, **17-18 (E.D. Pa. Apr. 18, 2012).

Turning to the disciplinary charges lodged against Plaintiff for her complaint against Lieutenant Frank, Defendant's argument appears to be that the charges against Plaintiff were no less legitimate than "someone who calls the police to report a loud party next door" and is investigated " when they open their door to reveal a mound of cocaine."  (ECF No. 15 at 8.) That may very well be the case, but in the face of Plaintiff's conflicting evidence that the charges were to retaliate and discriminate against her, Defendant's proffered reason does not warrant summary judgment as to Plaintiff's claims. This lawsuit, rather, is one of dueling narratives between the parties with each offering a different account with evidence calling into question the other parties' version of events.  Plaintiff has pointed to evidence from which the factfinder could reasonably not believe Defendant's stated reasons or that invidious retaliation and discrimination  was more likely the motivation.  In light of Defendant's lack of supporting documentation and dueling narratives between the parties, the Court finds that there are genuine disputes of material fact as to whether Defendant's proffered reasons not to promote Plaintiff, to issue disciplinary charges, and to change Plaintiff's position was a "pretext" for gender discrimination and retaliation.

### D.  **Fourteenth Amendment** *Monell* **claims under 42 U.S.C. § 1983**

Plaintiff alleges that Defendant discriminated against her on the basis of her gender in violation of the Equal Protection Clause of the Fourteenth Amendment. Under 42 U.S.C. § 1983, a person may sue anyone who, while acting under color of law, causes them to be deprived of any of their constitutional rights. 42 U.S.C. § 1983; *Connick v. Thompson*, 563 U.S. 51, 60-62 (2011).  In *Monell v. New York City Department of Social Services*, the Supreme Court held that a municipality or other local government may be subject to liability under Section 1983. 436 U.S. 658, 691-92  (1978).  A local government, however, may not be sued under Section 1983 for an injury inflicted solely by its employees or agents. *Id.* At 694.   But a local government may be liable for a Section 1983 claim if a policy upheld by the entity caused the alleged violation.  *Id.*

Thus, the Philadelphia Police Department can only be held liable under Section 1983 for its policy or custom, whose actions may fairly be said to represent official policy or are part of an informal but established custom within the organization. *Ascolese v. Southeastern Pa. Transp. Auth.*, 902 F. Supp. 533 (E.D. Pa. 1995); *Ivan v. County of Middlesex*, 595 F. Supp. 2d 425 (D.N.J.  2009).  In the context of a sexual harassment claim, "plaintiff can establish municipal liability by producing proof that the []sexual harassment alleged reflects a 'practice' or a 'course of conduct' among municipal officials which is 'so permanent and well settled as to virtually constitute law.'" *Hargrave v. County of Atlantic*, 262 F. Supp. 2d 393 (D.N.J. 2003). That evidence is lacking here.   The only evidence Plaintiff points to outside of her own case is vague testimony that it is harder for females in the department and "locker room" talk regarding interoffice sexual conduct between male and female officers.  Plaintiff has not brought forth evidence of a widespread practice of sexual harassment and discrimination motivated by a

16

discriminatory purpose to constitute a custom or usage with the force of law or policy. Therefore, on a motion for summary judgment, Plaintiff's allegations are insufficient to state a *Monell* claim.

**V.     CONCLUSION**

For the reasons discussed above, the Court denies the Plaintiff's Motion for Summary Judgment, and grants in part, and denies in part Defendant's Motion.  An appropriate Order will follow.

**IT IS SO ORDERED.**

                                        **BY THE COURT:**

                                         /s/ John Milton Younge
                                        **Judge John Milton Younge**